UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GUSTAVO ADOLFO PENATE, individually and on behalf of all others similarly situated,

                        Plaintiffs,                    **COLLECTIVE ACTION COMPLAINT**

    -against-

LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, and ADAM POMERANTZ and MAHFUJUR RAHMAN, as individuals,

                        **JURY TRIAL REQUESTED**

                        Defendants.
------------------------------------------------------------------------X

1. Plaintiff, **GUSTAVO ADOLFO PENATE**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **GUSTAVO ADOLFO PENATE**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **LEO'S BAGELS HANOVER SQUARE LLC, and ADAM POMERANTZ and MAHFUJUR RAHMAN, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at **LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS** located at 3 HANOVER SQ, NEW YORK, NY 10004.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff GUSTAVO ADOLFO PENATE residing at Bronx, NY 10453 was employed by Defendants at LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS located at 3 Hanover Sq., New York, NY 10004 from in or around January 2020 until in or around October 2021.

9. Defendant, LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 3 Hanover Sq., New York, NY 10004.

10. Upon information and belief, Defendant LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, is a corporation duly authorized to do business under the laws of the State of New York.

11. Upon information and belief, Defendant ADAM POMERANTZ is the owner and President of corporate Defendant, LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS.

12. Upon information and belief, Defendant ADAM POMERANTZ is an agent of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS.

13. Upon information and belief, Defendant ADAM POMERANTZ is responsible for overseeing all daily operations of the Defendant's business at LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS.

14. Upon information and belief, Defendant ADAM POMERANTZ has power and authority over all the final personnel decisions of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS.

15. Upon information and belief, Defendant ADAM POMERANTZ has the power and authority over all final payroll decisions of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, including the Plaintiff.

16. Upon information and belief, Defendant ADAM POMERANTZ has the power to hire the employees of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, including the Plaintiff.

17. Upon information and belief, Defendant ADAM POMERANTZ has power over the firing and terminating of the employees of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, including Plaintiff.

18. Upon information and belief, Defendant ADAM POMERANTZ is responsible for determining, establishing, and paying the wages of all employees of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendant ADAM POMERANTZ was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

20. Upon information and belief, Defendant MAHFUJUR RAHMAN, who was known to the Plaintiff as "Ronny" or "Roni," is the supervisor of corporate Defendant, LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS.

21. Upon information and belief, Defendant MAHFUJUR RAHMAN is an agent of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS.

22. Upon information and belief, Defendant MAHFUJUR RAHMAN is responsible for overseeing all daily operations of the Defendant's business at LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS.

23. Upon information and belief, Defendant MAHFUJUR RAHMAN has power and authority over all the final personnel decisions of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS.

24. Upon information and belief, Defendant MAHFUJUR RAHMAN has the power and authority over all final payroll decisions of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, including the Plaintiff.

25. Upon information and belief, Defendant MAHFUJUR RAHMAN has the power to hire the employees of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, including the Plaintiff.

26. Upon information and belief, Defendant MAHFUJUR RAHMAN has power over the firing and terminating of the employees of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, including Plaintiff.

27. Upon information and belief, Defendant MAHFUJUR RAHMAN is responsible for determining, establishing, and paying the wages of all employees of LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

28. Accordingly, at all relevant times hereto, Defendant MAHFUJUR RAHMAN was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

29. At all times relevant to the allegations contained in the complaint, LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS. (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

**FACTUAL ALLEGATIONS**

30. Plaintiff GUSTAVO ADOLFO PENATE was employed by Defendants at LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, from in or around January 2020 until in or around October 2021.

31. During Plaintiff GUSTAVO ADOLFO PENATE'S employment by Defendants at LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, Plaintiff's

primary duties were as delivery man, food preparer and dishwasher while performing other miscellaneous duties.

32. Plaintiff regularly worked five (5) days per week during his employment by Defendants.

33. Plaintiff regularly worked a schedule of shifts beginning at approximately 5:00 a.m. each workday, and regularly ended approximately 2:00 p.m. However, Plaintiff would regularly be required to work an additional hour or more after his scheduled end time of 2:00 p.m.

34. As such, Plaintiff regularly worked approximately fifty (50) hours per week during his employment by Defendants.

35. Plaintiff was paid by Defendants approximately $10.00 an hour from in or around January of 2020 until in or around October 2021 and received the same hourly rate of pay for all hours worked, including those hours in excess of 40 hours per week.

36. Although Plaintiff regularly worked approximately fifty (50) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Furthermore, Defendants failed to pay Plaintiff GUSTAVO ADOLFO PENATE the legally prescribed minimum wage for his hours worked from in or around January 2020 until in or around October 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

39. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

40. Upon information and belief, Defendants willfully failed to provide Plaintiff with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

41. Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

42. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

44. Collective Class: All persons who are or have been employed by the Defendants as delivery men, food preparers and dishwashers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

45. Upon information and belief, Defendants employed 15 to 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

46. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

47. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

48. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

49. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

50. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised

notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

51. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

52. The claims of Plaintiff are typical of the claims of the whole putative class.

53. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

54. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

57. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

58. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

60. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

61. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

64. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

65. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

66. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

67. At all relevant times, Defendants failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

69. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of

liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

70. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

71. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

72. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

73. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

74. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

75. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

76. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants failed to provide Plaintiff with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

79. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
81. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).
82. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff unpaid minimum wages;
c. Awarding Plaintiffs' unpaid overtime wages;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:   December 21, 2021
         Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUSTAVO ADOLFO PENATE, individually and on behalf of all others similarly situated,

     Plaintiff,

 -against-

LEO'S BAGELS HANOVER SQUARE LLC d/b/a LEO'S BAGELS, and ADAM POMERANTZ and MAHFUJUR RAHMAN, as individuals,

     Defendants.

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**LEO'S BAGELS HANOVER SQUARE LLC**
3 Hanover Sq
New York, New York 10004-2615

500 Avenue Of The Americas
New York, NY 10011-8403

**ADAM POMERANTZ**
3 Hanover Sq
New York, New York 10004-2615

247 Kane St
Brooklyn, NY 11231-4437

**MAHFUJUR RAHMAN**
3 Hanover Sq
New York, New York 10004-2615

247 Kane St
Brooklyn, NY 11231-4437